J-S60032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

ROBERT L. TAMBUR

    v.

RONALD COLEMAN AND HUNLOCK
INVESTMENT COMPANY, INC.

    Appellants

:   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
:
:
:
:
:
:
:
:   No. 956 MDA 2019
:
:

Appeal from the Order Entered May 14, 2019
In the Court of Common Pleas of Columbia County Civil Division at
No(s):  2018-CV-0000514-JU

BEFORE:  SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED NOVEMBER 26, 2019**

Ronald Coleman (Coleman)[1] appeals an order of the Columbia County Court of Common Pleas (trial court) directing the public sale of a share of stock.  Coleman argues that the trial court erred in denying his request for an evidentiary hearing as to his ownership of that property.  We affirm.

**I.**

It is undisputed that in April 2018, the plaintiff in the underlying action, Robert L. Tambur (Tambur) obtained a judgment from Coleman totaling

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Appellant, Hunlock Investment Company, Inc., was the garnishee with respect to the property subject to the trial court's order.

$161,007.80 in the Luzerne County Court of Common Pleas. Tambur immediately attempted to enforce that judgment by transferring it to the trial court and directing the Sheriff of that jurisdiction (Columbia County) to serve a writ of execution on Coleman. Importantly, the sheriff was directed to levy Coleman's interest in shares of Hunlock Sand & Gravel, Inc.

At the time the writ was executed, Coleman had already stated in his answer to interrogatories that he owned the only existing share of stock in Hunlock Sand & Gravel, Inc. *See* Defendant's Answer to Plaintiff's Interrogatories Addressed to Defendant, Ronald Colman, at ¶¶ 4-5. Coleman also stated in his answers to requests for production that all documents pertaining to his ownership interest in the corporation were destroyed in a fire. *See* Defendant's Answer to Plaintiff's Request for Production of Documents Addressed to Defendant, Ronald Coleman, at ¶¶ 1-2.

After the Sheriff served a writ of execution on Coleman as to his share in the corporation, Coleman implicitly admitted ownership once again by claiming that the stock certificate could not be provided because it no longer physically existed. In response, Tambur petitioned the trial court to order the public sale of the share and to have a stock certificate substituted if necessary. *See* Tambur's Petition to the Court for Sale of Securities, 3/1/2019, at 1-2.

After holding a brief hearing, the trial court denied Coleman's request for additional proceedings to determine his ownership of the subject stock and

J-S60032-19

the propriety of substituting the destroyed stock certificate.[2] The trial court

granted Tambur's petition. Coleman timely appealed that order.[3]

In his brief, Coleman presents three related issues for our consideration:

1. Did the trial court commit an error of law in failing to take testimony regarding ownership of the stock in question?

2. Did the trial court commit an error of law in failing to take testimony regarding the nexus between the judgment in question and proposed stock?

3. Did the trial court commit an error of law in failing to determine the relationship between the proposed stock and the judgment currently before the court?

Appellant's Brief, at 4.[4]

Tambur counters that Coleman admitted he owns the sole share in

Hunlock Sand & Gravel, Inc., and that to the extent his ownership is unclear,

---

[2] Coleman suggested the share in question could have been jointly owned by himself and other individuals, potentially leading to an objection to the levy by the other owners.

[3] This Court has jurisdiction in the present under Pa.R.A.P. 311(a)(2), which grants an appeal as of right from an order that confirms, modifies, or dissolves an attachment "affecting the possession or control of property[.]" The standard of review as to a ruling which affects a property interest through a sheriff's sale is "a clear abuse of discretion." *See Fidelity Bank v. Pierson*, 264 A.2d 682, 683 (Pa. 1970).

[4] The trial court did not order Coleman to file a statement of issues complained of on appeal pursuant to Pa.R.A.P. 1925(b); nor did the trial court file an opinion pursuant to Pa.R.A.P. 1925(a). Rule 1925(a) provides that the trial court must provide an opinion outlining the basis of an appealed order, but only if "if the reasons for the order do not already appear of record[.]" Pa.R.A.P. 1925(a). Here, the record is sufficiently clear to make the basis for the order apparent.

Coleman could have disputed it by interpleading the Columbia County Sheriff pursuant to Pa.R.C.P. Nos. 3202-3216. *See* Appellee's Brief, at 5-8.

## II.

The trial court did not commit an error of law or deprive Coleman of his due process rights with respect to his interest in Hunlock Sand & Gravel, Inc. Because Tambur indisputably obtained a judgment against Coleman, Tambur had a right to enforce it with respect to that property.

The record establishes that Coleman repeatedly claimed sole ownership of the only share of stock in Hunlock Sand & Gravel, Inc., and nothing in the record indicates the contrary. Consistent with Coleman's own responses to interrogatories and requests for production, no third party has claimed to have any interest in the corporation or otherwise disputed Coleman's sole ownership. Coleman offered the trial court no basis to call his own previous assertions of ownership into question.[5]

Moreover, had Coleman or any other party wanted to dispute that Coleman solely owned the property now subject to levy, they could have done so by interpleading the Columbia County Sheriff. *See* 42 Pa.R.C.P. Nos. 3202-3216. Coleman has taken no such action and neither has any other party.

---

[5] To the extent that another party could purport to own some of the subject stock, Coleman would lack standing to assert a constitutional due process claim on their behalf. By the same token, if Coleman somehow has anything less than full ownership of the stock as presently ascribed to him, then the order on review would only be depriving Coleman of a property interest he has no right to.

Thus, because both the judgment Tambur obtained against Coleman and Coleman's interest in the stock were conclusively established, the trial court had no obligation to prolong the proceedings on Tambur's petition as Coleman requested.

Order affirmed.

Judge Shogan joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019